

**THE CITY OF NEW YORK**

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW W. McQUEEN**
Senior Counsel
mmcqueen@law.nyc.gov
Phone: (212) 356-2423
Fax: (212) 356-3509

May 1, 2020

BY E.C.F.
Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 5/4/2020

Re: Michael Prince v. City of New York, et al.
20 CV 1935 (VSB)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel for the City of New York, and represent the City of New York in the above-referenced action. Defendant City writes to respectfully request that the Court stay this case in its entirety for ninety (90) days in light of the ongoing COVID-19 pandemic. This is the City's first request for such relief. Plaintiff consents to this request.

    Plaintiff alleges that on July 22, 2019, he was falsely arrested by two unidentified officers of the New York City Police Department. Plaintiff further alleges that he was assaulted by these officers, causing serious and permanent injury. Plaintiff filed a civil complaint in this action on March 4, 2020 and served the City of New York with the complaint on March 13, 2020, but did not serve the City with a 160.50 unsealing release or medical releases along with the complaint as is required by Local Civil Rule 83.10 (formerly the Section 1983 Plan). Last week, plaintiff's counsel, John Grill, advised that he had mailed the releases separately from service of the complaint, and provided the undersigned with a PDF copy of the releases and a Certified Mail receipt that indicates that the releases may have been delivered by Certified Mail to our offices on March 11, 2020, two days before the complaint was served. As the City had not yet been served with the civil complaint in this case at the time the releases were received, our office would not have had any information about this case. Therefore, the clerks in the mailroom may not have known what to do with the releases when received. Unfortunately, as our offices are currently closed as a result of the Coronavirus pandemic, and have been since Monday, March 16, 2020, it is unlikely that they were ever matched up with the complaint, and we have no way of determining where the original releases are at this time. Accordingly, the City will not be in a

position to meaningfully respond to the complaint or provide the plan-related discovery until the Coronavirus situation improves sufficiently for our office to be able to reopen.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity until at least May 15. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and to control the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees, including myself, work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, comply with the § 1983 production schedule, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendant must regularly communicate and coordinate with, *e.g.*, the New York City Police Department are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth herein, the requested stay is necessary to allow all parties to get through this pandemic with less worry about whether their claims or defenses will be jeopardized due to circumstances that are beyond our control. Accordingly, defendant City respectfully requests, with plaintiff's consent, that the Court grant a stay of the instant litigation for ninety (90) days.

Defendant thanks the Court for its time and consideration in this regard.

Respectfully submitted,

/s *Matt McQueen*

Matthew W. McQueen
Special Federal Litigation Division

cc:   John Grill, Esq. (by E.C.F.)
      *Attorney for Plaintiff*